IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **KAPS CONSTRUCTION LLC** | § | CASE NO. 24-51399-CAG |
| | § | |
| | § | (Chapter 11) |
| **Debtor** | § | |

### DEBTOR'S PLAN OF REORGANIZATION DATED 10/25/2024

    Now Comes KAPS CONSTRUCTION LLC (referred to herein as the "Debtor") and propose the following Plan of Reorganization pursuant to the provisions Subchapter V of Chapter 11 of the Bankruptcy Code and Rule 2015(b) of the Federal Rules of Bankruptcy Procedure:

### Disclosures Required for Cases Filed Under Subchapter V

**A. Description and History of the Debtor's Business**

    1.    On July 27, 2024, KAPS CONSTRUCTION LLC ("Debtor") filed its voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. Debtor operates residential and commercial roofing construction business in the south Texas area. Debtor is a Texas limited liability company. The ownership of the membership interests is disputed. Mr. Abel Hernadez claims to be a 50% member. However, Mr. Larry Polanco claims 100% membership interest. The Debtor is a manger-managed limited liability company. The sole manager is Larry Polanco.

    2.    A state court lawsuit was initiated by Mr. Hernandez that resulted in the freezing of all of Debtor's bank accounts. In order for the Debtor to operat, it found it necessary to file a subchapter V bankruptcy.

    3.    The Debtor is proposing a plan of reorganization that contemplates the repayment of all priority unsecured claims as well as a 100% dividend payout to all allowed general unsecured creditors.

**B. Liquidation Analysis**

    4.  To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity-interest holders would receive in a chapter 7 liquidation. In this case, the Plan provides for a 100% payout to allowed unsecured claims. Therefore, a liquidation analysis is not attached.

### C. Ability to Make Future Plan Payments and Operate Without Further Reorganization

5. The Debtor must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business. Projections that support the Debtor's ability to make all payments required by the Plan are attached to the Plan as Exhibit "A". *See* 11 U.S.C. § 1190. This includes the estimated proceeds from Debtor's business operations that Debtor intends to use to fund the plan.

### ARTICLE 1: SUMMARY

1.01 This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtor from cash flow generated through the operations of Debtor's business. The Debtor plans to pay 100% of its existing general unsecured creditor liabilities over a 36 month period. All allowed administration expenses, secured claims and priority unsecured claims will be paid in full.

This Plan provides for:

[ 1] class of secured claims;
[1]  class of unsecured priority claims; and
[ 1] class of non-priority unsecured claims.

**Payment of non-priority unsecured claims.** Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately one-hundred cents on the dollar.

**Payment of administrative expenses and priority claims**: This Plan provides for full payment of administrative expenses and priority claims. All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

*Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)*

### ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

2.01: Class 1. The secured claim, to the extent allowed as a secured claim under § 506 of the Code, of:
    1. Bexar County (Salene Mortgage Servicing for real property located at 405 Monticello Ct. San Antonio, Texas))

2.02: Class 2. The priority unsecured secured claim of the Internal Revenue Service to the extent allowed as a secured claim under § 506 of the Code.

2.03: Class 3. All non-priority unsecured claims allowed under § 502 of the Code.

### ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSES, PRIORITY TAX CLAIMS, AND QUARTERLY AND COURT FEES

3.01: Unclassified claims. Under section § 1123(a)(1), allowed administrative expenses and priority tax claims are not in classes.

3.02: Administrative expenses. Administrative expenses allowed under § 503 of the will be paid in six (6) monthly installments beginning the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Such expenses specifically include but is not limited to Subchapter V Trustee fees.

3.03: Priority tax claims. The holder of an allowed priority tax claim, that claim of the Texas Workforce Commission shall be paid upon the Effective Date of the Plan.

3.04: Statutory fees. All unpaid fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan will be paid on or before the effective date.

### ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01: Claims and interests are treated as follows under this Plan:

| CLASS | IMPAIRMENT | TREATMENT |
|---|---|---|
| Class 1- Secured Claim of Bexar County | Impaired | All Class 1 claims will be paid in full upon the effective date of the Plan |
| Class 2- Secured Claims of Internal Revenue Service | Impaired | Claim to be paid in 36 monthly installments beginning 30 days after the Effective Date of the Plan. |
| Class 3- Non-priority Unsecured Claims | Impaired | Claims will be paid 100% of the allowed claim amount as funds are available from the operation of the Debtor's business. Each claim shall be entitled to a pro-rata amount of the monthly net disposable income amount of $1,000.00. |

## ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01: Disputed claim. A *disputed claim* is a claim that has not been allowed or disallowed and as to which either:

    (i)    A proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

    (ii)    No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02: Delay of distribution on a disputed claim. No distribution will be made on account of a disputed claim unless and until it is allowed.

5.03: Settlement of disputed claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Federal Rule of Bankruptcy Procedure 9019.

## ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

  (a) The Debtor will assume all executory contracts, including the those for the construction projects that are currently in progress.

  (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, either before the effective date or under section 6(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than days after the date on which the court enters the order confirming this Plan.

## ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN

7.01    Debtor will commence payment upon the Effective Date of the plan.

## ARTICLE 8: GENERAL PROVISIONS

8.01: Definitions and rules of construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02: Effective Date. The effective date of this Plan is the day that is fourteen days following an entry of an order by the Court confirming this plan. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the day after the date on which the stay expires or is otherwise terminated. These periods are calculated as provided in Federal Rule of Bankruptcy Procedure 9006(a)(1).

8.03: Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04: Binding effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05: Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06: Controlling effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07: Retention of Jurisdiction. The court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters, including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification. Neither this provision nor anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by title 28 of the United States Code.

8.08: Default Provisions: In the event that payments are not made by the Debtor as required by the Plan and Confirmation Order, the holders of allowed claims in this case and other parties-in-interest shall have the right to either: (A). file a motion to dismiss or convert this case to a case under Chapter 7 of the Bankruptcy Code; or (B). file a motion seeking relief from the automatic stay, in the event the Debtor defaults on a payment to a secured creditor.

8.09. Retention of Claims: The Debtor specifically reserves the right to prosecute any and all claims that the Debtor had pre-petition against Abel Hernandez including but not limited to fraud, theft, conversion, negligence, gross negligence, and breach of contract.

## ARTICLE 9: DISCHARGE

9.01: If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

    (i)    imposed by this Plan; or

      (ii) to the extent provided in § 1141(d)(6).

9.02: If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

      (i) on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or

      (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE 10: OTHER PROVISIONS

      10.1. The Debtor may amend, modify or withdraw the Plan at any time prior to the Confirmation Date. The Debtor may amend or modify this Plan in accordance with §1127 of the Bankruptcy Code at any time on or prior to the Effective Date. After the Effective Date, Debtor may propose amendments to the Plan for approval by the Bankruptcy Court.

Dated: July 3, 2023

| | |
|---|---|
| KAPS CONSTRUCTION LLC | Villa & White LLP |
| | 100 NE Loop 410 #615 |
| *By:/s/ Larry Polanco* | San Antonio, Texas 78216 |
| Larry Polanco, Manager | (210) 225-4500 Telephone |
| | (210) 212-4649 Facsimile |
| | By: */s/ Morris E. "Trey" White III* |
| | Morris E. "Trey" White III |
| | Texas Bar No. 24003162 |
| | treywhite@villawhite.com |
| | Attorney for Debtor |

**Page 6 of 7**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 25, 2024 a true and correct copy of the above and foregoing document was served on the following pursuant to Bankruptcy Rule 9013 to the parties listed on the attached matrix.

                                               */s/ Morris E. "Trey" White III*
                                                Morris E. "Trey" White III