**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| KAPS CONSTRUCTION LLC | § | CASE NO. 24-51399-CAG |
| | § | (Chapter 11) |
| Debtor | § | |

**DEBTOR'S MOTION FOR ENFORCEMENT OF THE AUTOMATIC STAY AND FOR SANCTIONS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Now Comes, KAPS CONSTRUCTION LLC ("Debtor") and files this motion seeking an order enforcing the automatic stay provided by 11 U.S.C. §362 and for sanctions for violating the same and would show the Court as follows:

**I.**

This Court has jurisdiction and venue over the subject matter of this Application pursuant to 28 U.S.C. §§157 and 1334, the Standing Order of Reference of the United States District Court for the Western District of Texas, and 11 U.S.C. §§ 327(a) and 328(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this Chapter 11 case is proper pursuant to 28 U.S.C §§1408 and 1409.

**II.**

1. On July 27, 2024 Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the Bankruptcy Code. Debtor operates residential and commercial roofing construction business

1

in the south Texas area. Debtor is a Texas limited liability company. The ownership of the membership interests is disputed. Mr. Abelardo "Abel" Hernandez ("Hernandez") claims to be a 50% member. However, Mr. Larry Polanco claims 100% membership interest. The Debtor is a manger-managed limited liability company. The sole manager is Larry Polanco.

2. On October 7, 2024 Hernandez filed a proof of claim in this bankruptcy proceeding for wages and for an undetermined amount of damages allegedly resulting from his membership interest in the Debtor (See POC # 4).

3. On October 29, 2024, Hernandez broke into the shop premises maintained by the Debtor. Hernandez cut the locks to the premises and removed equipment from the premises. Hernadez also began using (and allowed others under his direction) to use equipment belonging to the Debtor without proper authority. When instructed to leave the premises, Hernandez refused insisting that he was an owner and had the right to take and use the equipment.

4. Regardless of the eventual determination as to the proper ownership of the membership interest in the Debtor, what is undisputed is that the Debtor is a Texas limited liability company managed by the sole manager, Larry Polanco. That is, even if Hernandez holds a membership interest in the Debtor, he is not entitled to possession or control of the Debtor's assets. (See Texas Business Organization Code §101.106(b)). Accordingly, Hernandez has no authority to use or possess any asset of the Debtor. By exercising control over the assets of the Debtor, Hernandez has violated and continues to violate the automatic stay, specifically, 11 U.S.C. §362(a)(3).

5. As a result of the violation of the automatic stay, Debtor has suffered actual damages and has incurred attorney fees. Debtor requests the award of sanctions in the amount of the

actual damages and its attorney fees incurred as a result of having to bring this motion and the prosecution of the same.

## III.

For the foregoing reasons, Debtor requests the Court grant its motion for an enforcement of the automatic stay and for sanctions and for any further relief to which Debtor may be entitled.

Respectfully submitted,

Villa & White LLP

__/s/ Morris E. "Trey" White III_____
Morris E. "Trey" White III
Texas State Bar No. 24003162
100 NE Loop 410 #615,
San Antonio, Texas 7821
Tel:    (210)   225-4500
treywhite@villawhite.com
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2024, a true and correct copy of the above and foregoing document was served on the parties listed on the attached creditor's matrix pursuant to Bankruptcy Rule 9013.

__/s/ Morris E. "Trey" White III_____
Morris E. "Trey" White III